UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

MIGUEL A. DIAZ,
    *Plaintiff*,

    v.

WARDEN CHAPALAIN, *et al.*,
    *Defendants*.

No. 3:16-cv-00590 (JAM)

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff Miguel A. Diaz is incarcerated at Corrigan Correctional Center. He has filed a complaint *pro se* and *in forma pauperis* under 42 U.S.C. § 1983 against Warden Chapalain and Captain Rivera.[1] Based on my initial review pursuant to 28 U.S.C. § 1915A, I conclude that the complaint should be dismissed on the ground that it plainly fails to state plausible grounds for relief.

**BACKGROUND**

The following allegations from plaintiff's complaint are accepted as true for purposes of the Court's initial review. On June 28, 2015, plaintiff visited the prison barber for a haircut. After the haircut, he noticed a pimple on his head that was painful and began to grow. He asked a unit staff member if he could be seen by someone in the medical department, but the unit staff denied his request because they determined that it was not an emergency. Doc. #1 at 6 (¶¶ 1-3).

The pimple grew into a bump, continued to hurt, and made it difficult for plaintiff to move his head from side to side. Plaintiff began to experience swelling in his neck, and the bump

---

[1] Although the complaint identifies the defendant as a "warden" and by the name "C. Chapalain," it appears that plaintiff intends to refer to Warden Carol Chapdalaine.

continued to get larger. Plaintiff then spoke to Correctional Officers Batista and Lewis about his condition, and they sent him to be seen by someone in the medical department. *Ibid.* (¶¶ 4-6).

A medical staff member prescribed pain medication and scheduled plaintiff to be seen by a physician. A physician diagnosed plaintiff as suffering from an infection called Methicillin-Resistant Staphylococcus Aureus ("MRSA") and prescribed an antibiotic to treat the condition. A culture of the lesion confirmed the MRSA diagnosis. *Ibid.* (¶¶ 7-9).

Plaintiff contends that he contracted MRSA when the barber cut his hair. *Ibid.* (¶ 1). He states that MRSA is now in his system, and he suffered from a second breakout in February 2016. *Ibid.* (¶ 10). In addition, he has a scar on his head from the lesion. Plaintiff claims that barbers and other people who observe the scar question him about it and treat him differently. These reactions have caused him emotional distress. *Ibid.* (¶ 11). Plaintiff brings this case against Warden Chapdalaine and Captain Rivera for compensatory damages.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(a), the Court must review prisoner civil complaints and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. The Court must accept as true all factual matters alleged in a complaint, although a complaint may not survive unless its factual recitations state a claim to relief that is plausible on its face. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Mastafa v. Chevron Corp.*, 770 F.3d 170, 177 (2d Cir. 2014) (same). Nevertheless, it is well-established that "[p]ro se complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013); *see also Tracy v. Freshwater*, 623 F.3d 90, 101-02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

Plaintiff's complaint is best characterized as an Eighth Amendment claim of deliberate indifference under 42 U.S.C. § 1983. It is well established that "[a] prison official's 'deliberate indifference' to a substantial risk of serious harm to an inmate violates the Eighth Amendment." *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). A deliberate indifference claim has two component requirements. "The first requirement is objective: the alleged deprivation of adequate medical care must be sufficiently serious. The second requirement is subjective: the charged officials must be subjectively reckless in their denial of medical care." *Spavone v. New York State Dep't of Corr. Servs.*, 719 F.3d 127, 138 (2d Cir. 2013). In order to meet the subjective requirement, "the charged official [must] act or fail to act while *actually aware* of a substantial risk that serious inmate harm will result." *Ibid.*

Although plaintiff asserts that he contracted a serious medical condition, MRSA, he does not assert facts to suggest that defendants or others at MacDougall were deliberately indifferent to his health or medical needs. Plaintiff names only two defendants, Warden Chapdalaine and Captain Rivera. Beyond naming them as defendants, plaintiff does not specifically mention Warden Chapdalaine or Captain Rivera anywhere in his complaint. Plaintiff does not allege that these defendants acted or failed to act in response to his medical condition, nor does he allege any facts to suggest they were personally involved in or aware of the conduct comprising the alleged constitutional violation. *See Grullon v. City of New Haven*, 720 F.3d 133, 138 (2d Cir. 2013) ("It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, *inter alia*, the defendant's personal involvement in the alleged constitutional deprivation."); *Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014) (noting that "liability for supervisory government officials cannot be premised on a theory of *respondeat superior* because § 1983 requires individual, personalized liability on the part of each

government defendant"). Accordingly, the complaint fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

Even if plaintiff had named as defendants the officials whom he mentions in his complaint, he has not alleged facts to suggest that those officials were aware of a substantial risk that he would suffer serious harm. At the time plaintiff first asked a staff member in his housing unit to be seen in the medical department, he only had a pimple on his head that was painful. Unit staff members did not grant plaintiff's request to go the medical department because they did not think that his condition was serious. To the extent that unit staff members were negligent in refusing to permit the plaintiff to visit the medical department, such conduct is not cognizable in a civil rights action. *See Farid v. Ellen*, 593 F.3d 233, 249 (2d Cir. 2010) ("negligence is insufficient to support an Eighth Amendment claim" of deliberate indifference).

When plaintiff asked to be taken to the medical department after his condition became worse, he claims that correctional officers sent him to be seen in the medical department. Medical staff then diagnosed his condition and prescribed medication to treat it. There are no facts in the complaint that suffice to establish plausible grounds for relief for deliberate indifference to serious medical needs under the Eighth Amendment. In the obvious absence of such facts, it would be futile for plaintiff to amend his complaint, and therefore the complaint will be dismissed with prejudice.

## CONCLUSION

Based upon the Court's initial review, plaintiff's complaint is DISMISSED pursuant to 28 U.S.C. § 1915A(b)(1). The Clerk of Court is directed to enter judgment for the defendants and close this case.

It is so ordered.

Dated at New Haven this 22nd day of September, 2016.

/s/*Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge